UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



FILED by _____ D.C.

MAR 3 0 2010

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

CASE NO.: 09-20505-CIV-MORENO/TORRES

PANDISC MUSIC CORP., a Florida
Corporation, and WHOOPING
CRANE MUSIC, INC., a Florida
Corporation,

          Plaintiff,

v.

321 MUSIC, L.L.C. a Florida Limited
Liability Corporation, WARNER/CHAPPELL
MUSIC, INC a Delaware  Corporation, ATLANTIC
RECORDING CORPORATION, a Delaware Corporation
and PUBLISHING GROUP, L.L.C. a Delaware Limited
Liability Corporation,

          Defendants,

and

BYRON SMITH and GARFIELD BAKER

          Intervenors,

_____/

## MOTION TO QUASH CHARGING LIEN

      Comes Now, GARFIELD BAKER and BYRON SMITH (collectively as Baker & Smith)

acting on their own behalf, hereby moves this Honorable Court to quash charging lien for

Attorney's Fees and Costs **(D.E. No. 82)** and offers  in support the following:

      1.     On or about January 29, 2010, Carol Green filed a Verified Motion for Attorney's

Fees and/Costs and Charging Lien. It is Baker and Smith's position that Carol Green

inadequately represented their interest and has prejudiced their ability to arrive at a favorable

1

resolution in this case by placing them at a disadvantage by her actions. According to the Florida
Bar Rules of Professional Conduct **4-1.5(b) (1) (a) (g)** Factors to be considered as guides in
determining a reasonable fee and costs include; *(A) The time and labor required, the novelty,
complexity and difficulty of the questions involved, and the skill requisite to perform the legal
service properly.*

*(G) The experience, reputation, diligence, and ability of the lawyer or lawyers performing the
service and the skill, expertise, or efficiency of effort reflected in the actual providing of such
services.*

      2.      Over the period of Ms. Green's representation of Baker & Smith, Counsel
consistently demonstrated a lack of grasp and expertise in the complexities and novelties of the
recording industry, *e.g.* Carol Green advised Baker & Smith that it was a consensus position of
the opposing Counsel that Intervenor's' presence was legally prohibited in the first mediation
session of July 23, 2009. However, Ms. Green's presence in said session led to the creation and
execution of a document by Baker & Smith which was ambiguous an unenforceable. In the
course of the ten hour mediation session, Ms. Green misrepresented to Baker & Smith that she
had successfully ascertained by way of her expertise, the amount of money which was to be
payable to them. Ms. Green failed to incorporate the language necessary to enforce the payment
based on her fundamental misunderstanding of common accounting practices and procedures of
the recording industry. This necessitated the filing of the motion to compel payment **(D.E.
No.50)** and Motion seeking Sanctions **(D.E. No.51)** to rectify Ms. Green's inadequate
performance. Ms. Green's apparent zeal to collect a 33.3% share of the monies held in escrow
(for 1 month's work) caused her to neglect the necessary due diligence and rely on opposing
Counsel's representation of the interpretation of the language embodied in the Mediation

Settlement Agreement ("Settlement Agreement") in their preparation of the document. Ms. Green's estimation of the Intervenor's leverage at the mediation table consistently reflected one of a subordinate and inferior approach in negotiating with the other parties. Ms Green was intentionally misdirected and circumnavigated by opposing Counsel in formulating the Settlement Agreement. The countless hours and fees accumulated by Ms. Green subsequent to the initial mediation session was incurred by Counsel's ineffective representation in the first instance, *i.e.* Counsel's incompetence and lack of expertise in understanding the multifarious streams of revenue associated with the recording industry led to the excessive hours necessary to rectify her blunders in the July 23, 2009 mediation session. Further, of the 63.32 hours Counsel asserts to have dedicated to work on this case, approximately half of those hours was spent post-execution of the initial Settlement Agreement. Therefore, it is Baker & Smith's position that at the time Ms. Green withdrew her representation, she should have only been entitled to half the fees she is claiming in the Verified Motion for Attorney's Fees and/Costs and Charging Lien. (The Court should note also that Ms. Green received approximately $5,700 five thousand seven hundred dollars, which is 33.3% of money paid by Fallon London Limited to Baker & Smith one day prior to the Motion to Compel payment hearing.) However, due to the fact that Ms. Green withdrew of her own volition it is Baker & Smith's position that Ms. Green has forfeited her right to any further compensation. ***In Faro v. Romani, 641 So. 2d 69 (Fla. 1994), the Florida Supreme Court held that when an attorney who represents a client on a contingency basis voluntarily withdraws from representation before the contingency occurs, the attorney forfeits all rights to compensation. When the lawyer voluntarily withdraws, terminating the attorney-client relationship, the contingency agreement likewise terminates. The court further held, however, that "if the client's conduct make the attorney's continued performance of the***

3

*contract either legally impossible or would cause the attorney to violate an ethical rule of the*
*Rules Regulating The Florida Bar, that attorney may be entitled to a fee when the contingency*
*of an award occurs. The Court further holds in the case of Calley v. Thomas M. Woodruff,*
*P.A., 751 So. 2d 599 (Fla. 2d DCA 1998), that an attorney who withdrew based on his asserted*
*belief that his client would not testify truthfully at trial forfeited the right to attorney fees. The*
*attorney had a mere suspicion, which he had failed to confirm, that the client would not testify*
*truthfully and had not taken any action to dissuade the client.* It is Baker & Smith's position
that Ms. Green's reason for withdrawal is volitional and frivolous.

3.       Green, Baker & Smith entered into a Retainer Agreement which had a provision
for arbitration as a means of resolving all fee disputes. Green neglected her professional and
ethical responsibility as an attorney by entering into such an agreement absent of the conduct and
language required of her by the **Florida Bar Rule 4-1.5 (i)** *A lawyer shall not make an*
*agreement with a potential client prospectively providing for mandatory arbitration of fee*
*disputes without first advising that person in writing that the potential client should consider*
*obtaining independent legal advice as to the advisability of entering into an agreement*
*containing such mandatory arbitration provisions. A lawyer shall not make an agreement*
*containing such mandatory arbitration provisions unless the agreement contains the following*
*language in bold print:* ***NOTICE: This agreement contains provisions requiring arbitration of***
***fee disputes. Before you sign this agreement you should consider consulting with another***
***lawyer about the advisability of making an agreement with mandatory arbitration***
***requirements. Arbitration proceedings are ways to resolve disputes without use of the court***
***system. By entering into agreements that require arbitration as the way to resolve fee disputes,***

*you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.*

Green did not present Baker & Smith with an agreement informing them of their rights regarding the advisability of entering into a Retainer Agreement embodying Mandatory Arbitration Requirements. Therefore, Baker & Smith did not waive their rights to rely on the Court to resolve disputes pertaining to the Retainer Agreement.

4.      Baker & Smith's position that Ms. Green has prejudiced their position and place them at a disadvantage in this case by her actions. Specifically on or about February 12, 2010, Ms. Green disseminated via email transmission, information which included the Retainer Agreement signed by Baker & Smith to the opposing parties Counsel as well as BMI and Fallon London Limited **(See "Exhibit A")**. This is a clear violation of the attorney/client privilege of confidentiality.  The Retainer Agreement signed by Ms. Green, Baker & Smith, unequivocally states in Paragraph 11; *The Clients and Firm agree and represent that this Retainer Agreement, its terms and conditions, and the amount of any fees and/or expenses paid in connection with it, will remain strictly confidential, private and considered part of the attorney-client and work product privileges, unless and until the Clients affirmatively waive such privilege and confidentiality, or a court orders disclosure, after all appropriate litigation and appellate remedies have been sought.* There were no circumstances present which necessitated Ms. Green disclosing this privy information to the adversarial parties and ancillary entities. This was done before the Courts granting of the Motion to Withdraw and in the absence of any order by the Court permitting disclosure of privileged information. This action was at best, mean spirited and at worst, malicious. In either case it is to the financial detriment of Baker & Smith in an on-going litigation.

Wherefore, Baker & Smith respectfully requests that this matter be heard before this Honorable Court *or* in lieu of a hearing, petitions that the Court issues an order in favor of their request to quash the charging lien. Baker & Smith move further that the Court sanction The Law Firm of Carol Green P.A at its discretion for the financial detriment and disadvantage to them in the case brought about by her actions of disclosing privileged information to the opposing parties and ancillary entities in an unresolved pending proceeding.

DATED MARCH 30, 2010   Respectfully Submitted,

**Garfield Baker**

1604 NE 20th Ave.

Ft Lauderdale, FL 33305

Telephone: (954) 549-5560

Email: asphaltparkinc@yahoo.com

**Byron Smith**

4110 NW 190 Street

Miami, FL 33055

Telephone: (305) 625-8613

Email: smithandbakermusic@yahoo.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of March, 2010 a true and correct and copy of the foregoing was mailed first class to the Law Offices of Carol N. Green P.A. Wachovia Financial Center Suite 2750, 200 South Biscayne Boulevard, Miami, FL 33131.

Respectfully Submitted,

**Garfield Baker**

1604 NE 20th Ave.

Ft Lauderdale, FL 33305

Telephone: (954) 549-5560

Email: asphaltparkinc@yahoo.com

_____

**Byron Smith**

4110 NW 190 Street

Miami, FL 33055

Telephone: (305) 625-8613

Email: smithandbakermusic@yahoo.com

Exhibit A (1-31)



| Mail | Contacts | Calendar | Notepad | | What's New? – Mobile Mail – Options |
|------|----------|----------|---------|--|-------------------------------------|

Check Mail | New ▾ | 🔍 | | Mail Search | Try the new Yahoo! Mail

**VIEW YOUR 3**
**Credit Scores $0**

Previous | Next | Back to Messages          Mark as Unread | Print

Delete | Reply ▾ | Forward | Spam | Move... ▾

**Folders**

📥 **Inbox (255)**
📝 Drafts (13)
📤 Sent
📧 **Spam (7)**     [Empty]
🗑 Trash          [Empty]

📷 My Photos
📎 My Attachments

**Chat & Mobile Text**
**Loading**     Cancel

▾ **My Folders**     [Add – Edit]
📁 Advising Carol
📁 BMI
📁 **Court Proceedi... (7)**
📁 Morgan (1)
📁 STEELE (1)

🚩 **Charging Lien Which Governs Any Disbursement of Funds**
                                    Thursday, February 4, 2010 11:40 PM

**From:** "Carol Green" <cgreen@delancyhill.com> 📇
**To:** "'Ellis Rich'" <ellis.rich@ntlworld.com>, ABailey@independentmusicgroup.com
**Cc:** "'Garfield Baker'" <asphaltparkinc@yahoo.com>, "'Smith Baker'" <smithandbakermusic@yahoo.com>
📎 3 Files (451KB) | Download All

image00...   Letter Re...   Amended...

Dear Mr. Rich:
        Please see attached Notice of Charging Lien.  If you have any questions concerning the same, please do not hesitate to email me with your concerns.

**dh | delancyhill**
TRUSTED. RESPECTED. DEDICATED.
**WE ARE YOUR LAWYERS.**

                        Sincerely,

Carol N. Green, Esq.
Law Offices of Carol N. Green, P.A.
Of Counsel, delancyhill, P.A.
Wachovia Financial Center
200 S. Biscayne Blvd.
Suite 2750
Miami, FL 33131
Tel: 786.777.0184
Fax: 786.777.0174
Email: cgreen@delancyhill.com
www.delancyhill.com

The pages comprising this e-transmission contain confidential information from Law Offices of Carol N. Green, P.A. Of Counsel, delancyhill, P.A. This information is intended solely for use by the

Thursday, March 25, 2010 11:12:20 AM

individual entity named as the recipient thereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately.

**From:** Ellis Rich [mailto:ellis.rich@ntlworld.com]
**Sent:** Saturday, October 03, 2009 5:59 AM
**To:** 'Carol Green'

**Subject:** FW: tax forms
**Importance:** High

Dear Carol

I am sending the forms again – please confirm safe receipt.

If both of the  writers are individuals or d/b/a's then they should both complete the individual form. It may be worthwhile for your firm to complete a corporation version of the form as well. In the section marked "describe type of royalties etc", please put "Royalties for uses under agreement with One Step Music" – then we will not need a new form for each payment

Best

Ellis

**From:** Ellis [mailto:ellisrich@independentmusicgroup.com]
**Sent:** 03 October 2009 10:13
**To:** 'ellis.rich@ntlworld.com'
**Subject:** tax forms



Delete   Reply ▾   Forward   Spam   Move... ▾

Previous | Next | Back to Messages          Select Message Encoding      ▾ | Full Headers

Thursday, March 25, 2010 11:12:20 AM



**delancyhill**

a professional association
attorneys-at-law

February 4, 2010

**VIA EMAIL**

Mr. Ellis Rich [mail to: 'ellis.rich@ntlworld.com']
Mr. Andy Bailey [mail to: ABailey@independentmusicgroup.com]

**Re:    Letter of Direction Re: Intervenors Garfield Baker and Byron Smith**
**Pandisc Music Group v. Warner, Case No. 09-20505**

Dear Mr. Rich & Mr. Bailey:

As you know this firm represented Intervenors Byron Smith and Garfield Baker, co-authors of the lyrics "DON'T STOP THE ROCK," in the matter styled as *Pandisc Music Group v. Warner*, Case No. 09-20505, which was settled last year on or about July 23, 2009, for which additional funds are still remaining to be disbursed to Mr. Smith and Mr Baker.

We have since filed a Motion to Withdraw, where we no longer represent them as well as a Charging Lien for attorney's fees against any and all payments to Mr. Smith or Mr. Baker pursuant to this litigation.

**Please note, from here on, prior to making any payments to Mr. Smith or Mr. Baker, pursuant to the attached Charging Lien you are obligated to notify delancyhill, P.A. of the same. In addition, any such payments must be made to <u>delancyhill, P.A.'s Trust Account</u> so that we may disburse all funds accordingly.**

Thank you very much for your cooperation and prompt attention to this matter.

Respectfully yours,
delancyhill, P.A.

Carol N. Green, Of Counsel

cc:  Garfield Baker
     Byron Smith



The pages comprising this e-transmission contain confidential information from Law Offices of Carol N. Green, P.A., Of Counsel, delancyhill, P.A. This information is intended solely for use by the individual entity named as the recipient thereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately.

**From:** Carol Green [mailto:cgreen@delancyhill.com]

**Sent:** Friday, February 12, 2010 5:03 PM
**To:** 'Karen L. Stetson'; 'Joyce, Megan'
**Cc:** 'Betty Plasencia'; 'Burnett, Kelly'
**Subject:** RE: Disbursements in View of Charging Lien

Dear Karen and Joyce:

Please see attached regarding Delancyhill, P.A.'s Charging Lien with regards to any disbursements from Warner or its affiliates to Garfield Baker and Byron Smith concerning this litigation.



Sincerely,

Carol N. Green, Esq.
Law Offices of Carol N. Green, P.A.
Of Counsel, delancyhill, P.A.
Wachovia Financial Center
200 S. Biscayne Blvd.
Suite 2750
Miami, FL 33131
Tel: 786.777.0184
Fax: 786.777.0174
Email: cgreen@delancyhill.com
www.delancyhill.com

The pages comprising this e-transmission contain confidential information from Law Offices of Carol N. Green, P.A., Of Counsel, delancyhill, P.A. This information is intended solely for use by the individual entity named as the recipient thereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately.

Previous | Next | Back to Messages     Select Message Encoding    | Full Headers

Mail Search

Thursday, March 25, 2010 11:38:03 AM



# delancyhill

a professional association
attorneys-at-law

February 4, 2010

**VIA EMAIL**

Karen L. Stetson, Esq.
GrayRobinson, P.A.
1221 Brickell Avenue
Suite 1650
Miami, FL 33131

**Re:**   **Letter of Direction Re: Intervenors Garfield Baker and Byron Smith**
**_Pandisc Music Group v. Warner_, Case No. 09-20505**

Dear Karen:

As you know this firm represented Intervenors Byron Smith and Garfield Baker, co-authors of the lyrics "DON'T STOP THE ROCK," in the matter styled as _Pandisc Music Group v. Warner_, Case No. 09-20505, which was settled last year on or about July 23, 2009, for which additional funds are still remaining to be disbursed to Mr. Smith and Mr Baker.

We have since filed a Motion to Withdraw, where we no longer represent them as well as a Charging Lien for attorney's fees against any and all payments to Mr. Smith or Mr. Baker pursuant to this litigation.

**Please note, from here on, prior to making any payments whatsoever to Mr. Smith or Mr. Baker, pursuant to the attached Amended Charging Lien you are obligated to notify delancyhill, P.A. of the same and such payments must be made to <u>delancyhill, P.A.'s Trust Account</u> so that we may disburse all funds accordingly.**

Thank you very much for your cooperation and prompt attention to this matter.

Respectfully yours,
delancyhill, P.A.

Carol N. Green, Of Counsel

cc:  Garfield Baker
     Byron Smith

Exhibit (A)



**Mail**   Contacts   Calendar   Notepad                    **What's New?** – **Mobile Mail** – **Options**

Check Mail    New ▼         🔍 [                    ]    Mail Search         Try the new Yahoo! Mail

Talk away.
Save a lot.

Previous | Next | Back to Messages                    Mark as Unread | Print

Delete    Reply ▼    Forward    Spam    Move... ▼

**Folders**
📩 **Inbox (255)**          📮 **FW: Disbursement of Funds for Intervenors**      Friday, February 12, 2010 11:25 PM
📝 Drafts (13)             **From:** "Carol Green" <cgreen@delancyhill.com> 📷
📤 Sent
                          **To:**  "'Byron Smith'" <smithandbakermusic@yahoo.com>
🗑 **Spam (7)**      [Empty]   **Cc:**  "'Garfield Baker'" <asphaltparkinc@yahoo.com>
🗑 **Trash**         [Empty]   📎 2 Files (435KB) | Download All

📷 My Photos
📎 My Attachments             [image] image00...   [PDF] Letter to ...

Chat & Mobile Text
**Loading**   Cancel         Byron and Garfield, please see attached.

▼ **My Folders**    [Add – Edit]
📁 Advising Carol              [dh delancyhill logo]  **delancyhill**
📁 BMI                                       TRUSTED RESPECTED DEDICATED.
📁 **Court Proceedi... (7)**                 **WE ARE YOUR LAWYERS.**
📁 **Morgan (1)**                                                    Sincerely,
📁 **STEELE (1)**


                              Carol N. Green, Esq.
                              Law Offices of Carol N. Green, P.A.
                              Of Counsel, delancyhill, P.A.
                              Wachovia Financial Center
                              200 S. Biscayne Blvd.
                              Suite 2750
                              Miami, FL 33131
                              Tel: 786.777.0184
                              Fax: 786.777.0174
                              Email: cgreen@delancyhill.com
                              www.delancyhill.com

                              The pages comprising this e-transmission contain confidential information from Law Offices

of Carol N. Green, P.A., Of Counsel, delancyhill, P.A. This information is intended solely for use by the individual entity named as the recipient thereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately.

**From:** Carol Green [mailto:cgreen@delancyhill.com]

**Sent:** Friday, February 12, 2010 6:22 PM
**To:** 'Richard Wolfe'
**Subject:** Disbursement of Funds for Intervenors

Richard, please see attached.  Please provide written confirmation of your receipt of the same via email.  Thanks.

Thursday, March 25, 2010 11:41:26 AM



Copyright © 1

To lear

**delancyhill**
TRUSTED RESPECTED DEDICATED
**WE ARE YOUR LAWYERS.**

 - Copyright/IP Policy - Guidelines
his site.
cy Policy - About Our Ads.

Sincerely,

Carol N. Green, Esq.
Law Offices of Carol N. Green, P.A.
Of Counsel, delancyhill, P.A.
Wachovia Financial Center
200 S. Biscayne Blvd.
Suite 2750
Miami, FL 33131
Tel: 786.777.0184
Fax: 786.777.0174
Email: cgreen@delancyhill.com
www.delancyhill.com

The pages comprising this e-transmission contain confidential information from Law Offices of Carol N. Green, P.A., Of Counsel, delancyhill, P.A. This information is intended solely for use by the individual entity named as the recipient thereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately.

Previous | Next | Back to Messages

Select Message Encoding ▼ | Full Headers

🔍

Mail Search

Thursday, March 25, 2010 11:41:26 AM



## delancyhill

a professional association
attorneys-at-law

February 12, 2010

**VIA EMAIL**

Richard Wolfe, Esq.
Ehrenstein, Charbonneau, Calderin, P.A.
501 Brickell Key Drive
Suite 300
Miami, FL 33131

Re:   Letter of Direction Re: Intervenors Garfield Baker and Byron Smith
      <u>Pandisc Music Group v. Warner, Case No. 09-20505</u>

Dear Richard:

As you know, this firm represented Intervenors Byron Smith and Garfield Baker (collectively "Intervenors"), in the matter styled as *Pandisc Music Group v. Warner*, Case No. 09-20505, which was settled last year on or about July 23, 2009 and for which funds may still be due and outstanding to the Intervenors from, for example Tony Butler, 321 Music LLC ("321 Music") and or any of its affiliates, parents, subsidiaries, agents, successors, assigns, legal representatives or to such nominees as it may designate.

We have since filed a Motion to Withdraw, where we no longer represent them as well as a Charging Lien for attorney's fees against any and all payments to Mr. Smith or Mr. Baker pursuant to this litigation.

**Please note, from here on, prior to any individual, entities affiliates, parents, subsidiaries, agents, successors, assigns, legal representatives or to such nominees as it/they may designate e.g. Tony Butler, individually or 321 Music, making any payments whatsoever to Mr. Smith or Mr. Baker, pursuant to the attached Amended Charging Lien you are obligated to notify delancyhill, P.A. of the same and such payments must be made to <u>delancyhill, P.A.'s Trust Account</u> so that we may disburse all funds accordingly.**

Thank you very much for your cooperation and prompt attention to this matter.

Respectfully yours,
delancyhill, P.A.

Carol N. Green, Of Counsel

cc:  Garfield Baker
     Byron Smith



of Carol N. Green, P.A., Of Counsel, delancyhill, P.A. This information is intended solely for use by the individual entity named as the recipient thereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately.

**From:** Carol Green [mailto:cgreen@delancyhill.com]

**Sent:** Friday, February 12, 2010 6:24 PM
**To:** 'Adam Lamb'
**Subject:** RE: Amendment to Settlement Agreement

Dear Adam & Mr. Robert Crane:

Thursday, March 25, 2010 11:43:59 AM

Please see attached.  Please provide written confirmation of your receipt of this email with the attached document. Thanks.

Copyright © 19                                              » - Copyright/IP Policy - Guidelines
                                                            his site.
To lear                                                     cy Policy - About Our Ads.



Sincerely,


Carol N. Green, Esq.
Law Offices of Carol N. Green, P.A.
Of Counsel, delancyhill, P.A.
Wachovia Financial Center
200 S. Biscayne Blvd.
Suite 2750
Miami, FL 33131
Tel: 786.777.0184
Fax: 786.777.0174
Email: cgreen@delancyhill.com
www.delancyhill.com

The pages comprising this e-transmission contain confidential information from Law Offices of Carol N. Green, P.A., Of Counsel, delancyhill, P.A. This information is intended solely for use by the individual entity named as the recipient thereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately.


Previous | Next | Back to Messages        Select Message Encoding          ▼  | Full Headers

🔍                                          Mail Search


Thursday, March 25, 2010 11:43:59 AM



# delancyhill

a professional association
attorneys-at-law

February 12, 2010

**VIA EMAIL**

Adam Lamb, Esq.
Hall, Lamb and Hall, P.A.
Penthouse One
2665 Bayshore Drive
Miami, FL 33133

Mr. Robert Crane, individually, and
Mr. Robert Crane
President of Pandisc Music Group
President of Whooping Crane Music, Inc.
c/o Adam Lamb, Esq.
Hall, Lamb and Hall, P.A.
Penthouse One
2665 Bayshore Drive
Miami, FL 33133

    **Re:**    **Letter of Direction Re: Intervenors Garfield Baker and Byron Smith**
             **Pandisc Music Group v. Warner, Case No. 09-20505**

Dear Adam & Mr. Crane:

    As you know, this firm represented Intervenors Byron Smith and Garfield Baker (collectively "Intervenors"), in the matter styled as *Pandisc Music Group v. Warner*, Case No. 09-20505, which was settled last year on or about July 23, 2009 and for which funds may still be due and outstanding to the Intervenors from Pandisc Music Group ("Pandisc")/Whooping Crane and or any of its(/their) affiliates, parents, subsidiaries, agents, successors, assigns, legal representatives or to such nominees as it/they may designate.

    We have since filed a Motion to Withdraw, where we no longer represent them as well as a Charging Lien for attorney's fees against any and all payments to Mr. Smith or Mr. Baker pursuant to this litigation.

    **Please note, from here on, prior to any individual, entities affiliates, parents, subsidiaries, agents, successors, assigns, legal representatives or to such nominees as it/they may designate e.g. Robert Crane, individually, Whooping Crane or Pandisc Music Corp., making any payments whatsoever to Mr. Smith or Mr. Baker, pursuant to the attached Amended Charging Lien you are obligated to notify delancyhill, P.A. of the same and such payments must be made to <u>delancyhill, P.A.'s Trust Account</u> so that we may disburse all funds accordingly.**

Adam Lamb, Esq.
Mr. Robert Crane
February 12, 2010
Page 2 of 2

      Thank you very much for your cooperation and prompt attention to this matter.

                Respectfully yours,
                delancyhill, P.A.

                Carol N. Green, Of Counsel

cc: Garfield Baker
      Byron Smith



**Mail**    Contacts    Calendar    Notepad                          What's New? – Mobile Mail – Options

| Check Mail | New ▾ | 🔍 | | Mail Search | Try the new Yahoo! Mail |

Talk away.
Save a lot.

Previous | Next | Back to Messages                                   Mark as Unread |    Print

| Delete | Reply ▾ | Forward | Spam | Move... ▾ |

**Folders**

🗋 **Inbox (255)**
🗋 Drafts (13)
🗋 Sent
🗋 **Spam (7)**          [Empty]
🗋 Trash              [Empty]

📷 My Photos
📎 My Attachments

**Chat & Mobile Text**
**Loading**    Cancel

▾ **My Folders**    [Add – Edit]

🗀 Advising Carol
🗀 BMI
🗀 **Court Proceedi... (7)**
🗀 **Morgan (1)**
🗀 **STEELE (1)**

ADVERTISEMENT

📌 **Charging Lien re Royalty Payments to Garfield Baker and Byron Smith**
                                                Saturday, February 13, 2010 12:15 AM

**From:** "Carol Green" <cgreen@delancyhill.com> 📷
**To:** "'Byron Smith'" <smithandbakermusic@yahoo.com>
**Cc:** "'Garfield Baker'" <asphaltparkinc@yahoo.com>
🗋 3 Files (993KB) | Download All

image00...    Letter to ...    Mediation...

Dear Mr. Garza:

    Please see the attached letter regarding a Charging Lien filed by the undersigned in the Pandisc litigation for our attorney's fees for services rendered to Mr. Garfield Baker and Byron Smith. If there are any questions, please do not hesitate to contact me using the contact information below. Please provide a written confirmation of your receipt of the attached. My sincerest of thanks in advance for cooperation and prompt attention to his matter.

**delancyhill**
TRUSTED. RESPECTED. DEDICATED.
**WE ARE YOUR LAWYERS.**

                                Sincerely,

Carol N. Green, Esq.
Law Offices of Carol N. Green, P.A.
Of Counsel, delancyhill, P.A.
Wachovia Financial Center
200 S. Biscayne Blvd.
Suite 2750
Miami, FL 33131
Tel: 786.777.0184
Fax: 786.777.0174
Email: cgreen@delancyhill.com
www.delancyhill.com

Thursday, March 25, 2010 11:47:17 AM

The pages comprising this e-transmission contain confidential information from Law Offices of Carol N. Green, P.A., Of Counsel, delancyhill, P.A. This information is intended solely for use by the individual entity named as the recipient thereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately.

| Delete | Reply ▼ | Forward | Spam | Move... ▼ |
|--------|---------|---------|------|-----------|

Previous | Next | Back to Messages          Select Message Encoding ▼ | Full Headers

| Check Mail | New ▼ | 🔍 | Mail Search |
|------------|-------|---|-------------|

Copyright © 1994-2010 Yahoo! Inc. All rights reserved. Terms of Service - Copyright/IP Policy - Guidelines
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy - About Our Ads.

Thursday, March 25, 2010 11:47:17 AM



**delancyhill**

a professional association
attorneys-at-law

February 12, 2010

**VIA EMAIL (RGarza@BMI.com)**

Richard A. Garza, Esq.
Director of Legal and Business Affairs,
Performing Rights
BMI
320 West 57th Street
New York, NY 10019

**Re:    Letter of Direction Re: Intervenors Garfield Baker and Byron Smith
Pandisc Music Group v. Warner, Case No. 09-20505**

Dear Mr. Garza:

This firm represented Intervenors Byron Smith and Garfield Baker (collectively "Intervenors"), in the matter styled as *Pandisc Music Group v. Warner*, Case No. 09-20505, which was settled last year on or about July 23, 2009 and for which retroactive adjustments in accordance with the new splits as recited in the Mediation Settlement Agreement that was previously forwarded to you by Garfield Baker on or before August 27, 2009, may still be due and owing to the Intervenors from the respective parties as well as from Broadcast Music, Inc. ("BMI") and or any of its(/their) affiliates, parents, subsidiaries, agents, successors, assigns, legal representatives or to such nominees as it/they may designate.

We have since filed a Motion to Withdraw, where we no longer represent the Intervenors as well as a Charging Lien for attorney's fees against any and all payments, adjustments and/or back royalties payable to Mr. Smith or Mr. Baker pursuant to, and as a result of this litigation. Attached herein is a second courtesy copy of the Mediation Settlement Agreement for your ease of reference, which identifies the songs at issue and the respective royalty splits for which adjustments and/or back royalties may be due and owing the Intervenors as result of this litigation.

**Please note, from here on, prior to any entity, e.g. BMI, any affiliate, parent, subsidiary, agent, successor, assign, legal representative or to such nominee as it may designate making any payments, adjustments and/or back royalties whatsoever to Mr. Smith or Mr. Baker, pursuant to the attached Amended Charging Lien you are obligated to notify delancyhill, P.A. of the same and such payments must be made to <u>delancyhill, P.A.'s Trust Account</u> so that we may disburse all funds accordingly.**

Richard Garza, Esq.
February 12, 2010
Page 2 of 2

    Thank you very much for your cooperation and prompt attention to this matter.

<div style="margin-left:50%">

Respectfully yours,
delancyhill, P.A.

*signature*

Carol N. Green, Of Counsel

</div>

cc: Garfield Baker
    Byron Smith



**delancyhill**

a professional association
attorneys-at-law

June 24, 2009

**VIA HAND DELIVERY**
Mr. Byron Smith
4110 NW 190th Street
Miami Gardens, FL 33055

Mr. Garfield Baker
1606 NE 20th Avenue
Fort Lauderdale, FL 33305

Re:     **Smith & Baker v. 321 Music L.L.C. & Whooping Crane Music, Inc.**

Dear Byron & Garfield:

This letter ("Retainer Agreement") sets forth the terms and conditions under which Mr. Byron Smith and Mr. Garfield Baker ("Clients") agree to retain Law Offices of Carol N. Green, P.A., of Counsel to delancyhill, P.A. ("Firm") as legal counsel and under which the Firm agrees to represent the Clients. This Retainer Agreement contains the entire understanding between us and may only be modified in writing, signed by the parties. If any term, provision or condition of this contract is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall continue in full force and effect. The terms and conditions of this undertaking are as follows:

1.     The Firm's legal representation will include all matters pertaining to the above-referenced matter.

2.     The Firm's legal fees are based upon the reasonable value of our services as determined in accordance with the American Bar Association Model Code of Professional Responsibility and the Florida Rules of Professional Conduct. As compensation for the agreement of our Firm to undertake this representation, the Clients agree to the following:

a.     The Firm agrees to undertake the above representation on a split contingency basis. The Clients will be billed at an hourly rate of $300.00 per hour until the initial non-refundable retainer of $5,000.00 has been exhausted. The $5,000.00 is due with the return of this Retainer Agreement. The Clients will not be responsible for any additional amounts for fees, but is separately responsible for all costs incurred from outside vendors. The Clients will be responsible for paying the Firm an additional amount, i.e. the higher of (1) thirty three percent (33.33%) of any and all gross recovery in this matter, or (2) a reasonable attorney's fee as determined and awarded by the Court. This amount is in addition to any actual costs incurred and not yet paid by the Clients at the time of disbursement of any recovered funds. If there is no recovery, the Firm will recover no additional amounts for fees, but the Clients remain responsible for all costs incurred by the Firm. Notwithstanding the foregoing, the Clients and the Firm agree that if the Firm is able to obtain its attorney's fees from the defendant(s) in the above-referenced matter, then the Firm can obtain a

1

*Exhibit "A"*

reasonable attorney's fee as determined and awarded by the Court.

    3.    As described above, the Clients are responsible for all reasonable and necessary costs and expenses incurred by the Firm.

    a.    The Clients will be responsible for all other expenses, including but not limited to, filing fees, transcript costs, court reporter fees, out of office copying and printing costs, computer-based legal research, international phone and fax charges, commercial courier service, translator fees, investigator fees, expert fees, and any other necessary expenses incurred in the representation of the Clients. These costs are not part of the initial retainer. Whenever possible, the Clients will be consulted prior to the Firm incurring any major expenditures, but the Clients are personally liable for payment to all persons hired on the Clients' behalf. All costs may be paid from the Clients' share of any proceeds recovered, but outstanding costs shall accrue interest at the rate of 10% while they remain unpaid. The Firm will remit all costs billed by outside vendors directly to Clients for payment. Clients shall pay all costs via check, made payable to the vendor, within fifteen (15) days of receipt of such invoice. Clients shall send the payment to the Firm, which will then forward payment to the vendor. While the outside costs remain unpaid, the Firm will list such costs on the Client's monthly invoice, and will credit such costs when Clients has submitted payment as described herein.

    b.    The Firm will directly bill Clients for in-house expenses such as copying and printing costs, courier service, mailing costs, non-international telephone and facsimile charges. These charges will be listed on the Clients' monthly invoice and are included in the initial retainer. Once the initial retainer has been exhausted, however, the Clients are separately responsible for the payment of these costs.

    4.    The Clients have the right to terminate Firm's engagement by written notice at any time. The Firm has the same right to terminate this engagement, subject to an obligation to give the Clients reasonable notice to permit it to obtain alternative representation or services and subject to applicable ethical provisions. The Firm retains the right to withdraw from your case if you have misrepresented or failed to disclose material facts to us; if you fail to follow advice; if you fail to attend conferences, depositions or hearings without good cause, or, if you fail to timely pay your invoice. In the event of such termination, the Firm will provide reasonable assistance in effecting a transfer of responsibilities to the new firm.

    5.    At the Firm's election, all sums due for fees and costs shall be paid from the proceeds of any recovery of assets which are recovered, distributed or retained by the Clients as a result of any settlement, compromise, or Final Judgment obtained in the Clients' case, as held by the Florida Supreme Court in Sinclair v. Boucom, 428 So. 2d 1383 (Fla. 1983). The Clients authorize the Firm to collect funds due to the Clients and deduct and retain any fees and costs from the Clients' trust account prior to disbursing the balance to the Clients.

    6.    We may seek legal fees from the opposing party, by agreement or court order. Any award of fees shall not determine the amount owed by you or earned by us. You remain primarily liable for payment of all fees and costs. Amounts received on your behalf will be credited to your

2

account. Sums awarded by the court in excess of the total billed to you shall be retained by us. The time and costs necessary to collect the sums from the opposing party will be charged to you. Interest will be charged until we are paid in full, whether it be by you or the opposing party.

7.      This office will maintain your file for two (2) years after the conclusion of the representation. At that time, unless you have retrieved your file from us, or asked that it be returned to you, our office will maintain important portions of the file and destroy all other documentation.

8.      Any appeal (whether interlocutory of plenary), post-judgment proceedings or enforcement action subsequent to the Final Judgment shall be the subject of a separate fee arrangement. However, in the event we render services subsequent to the final hearing, or on any other matter, the terms and conditions in this Contract shall govern and control the rights and liabilities of the parties.

9.      Any disputes between you and us as to charges for attorney's' fees, costs and interest, or as to the performance or breach of performance by the Firm in its representation of you, shall be settled through binding arbitration by a Dade County attorney, certified by the Florida Supreme Court, who will listen to the presentation of both parties. The decision of the arbitrator shall be binding, final and conclusive and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction of the parties and subject matter. If the parties are unable to agree as to the selection of any arbitrator, the court will make the determination upon proper notice to the parties. Any and all fees and costs of the arbitrator shall be paid by you.

10.      In the event it becomes necessary to enforce the terms of this Contract, through arbitration or otherwise, you agree to pay reasonable attorneys' fees and costs (whether taxable or not), in connection with the enforcement and collection proceedings, including fees and costs on appeal.

11.      The Clients and the Firm agree and request that this Retainer Agreement, its terms and conditions, and the amount of any fees and/or expenses paid in connection with it, will remain strictly secret, confidential, private and considered part of the attorney-client and work product privileges, unless and until the Clients affirmatively waive such privilege and confidentiality, or a court orders disclosure, after all appropriate litigation and appellate remedies have been sought.

15.      The laws of the State of Florida shall govern the interpretation of this Retainer Agreement, including all rules or codes of ethics which apply to the provision of services. Any litigation regarding the terms of this contract or our Firm's representation of the Clients may only be brought in Miami-Dade County, Florida.

Wachovia Financial Center 200 S. Biscayne Blvd. Suite 2750 Miami, Fl 33131 Tel: (786) 777- 0184 Fax: (786) 777-0174   www.delancyhill.com

We look forward to representing you in this matter. We trust these arrangements meet with your approval. Please call me if you have any questions. If this agreement is acceptable to you, please acknowledge that you reviewed it, understand it, and desire to retain the Firm on the basis of the terms of this letter by signing and returning the Agreement to me, with the $5,000.00 retainer. Please keep a copy for your records.

Very truly yours,

**Law Offices Of Carol Green, P.A.**

Carol N. Green

**I HAVE READ the foregoing Retainer Agreement and accept and approve the terms and conditions therein and agree to be bound thereby.**

Dated: June 6/24, 2009

By: _____
**Mr. Byron Smith**

Dated: June 6/29/09, 2009

By: _____
**Mr. Garfield Baker**

4