UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20505-CIV-MORENO/TORRES

PANDISC MUSIC CORP., a Florida
Corporation and WHOOPING
CRANE MUSIC, INC., a Florida
Corporation,

       Plaintiffs,

vs.

321 MUSIC, L.L.C. a Florida Limited
Liability Corporation, WARNER/CHAPPELL
MUSIC, INC. a Delaware Corporation, ATLANTIC
RECORDING CORPORATION, a Delaware
Corporation and ARTIST PUBLISHING GROUP,
L.L.C., a Delaware Limited Liability Corporation,

       Defendants,

and

GARFIELD BAKER, BYRON SMITH,

       Intervenors.
_____/

## ORDER

This matter is before the Court on two post-judgment motions referred on April 8, 2010, [D.E. 88] relating to a fee dispute between the Intervenors, Garfield Baker and Byron Smith, and their former counsel Carol Green Esq. The matters pending in the case in general relate to motions to enforce a settlement purportedly entered into in July 2009, some of which were resolved in a second mediated settlement agreement while others were not. [D.E. 76, 84]. In particular, the Intervenors' motion to enforce

the first settlement agreement remains pending [D.E. 50, 51, 54]. Prior to final resolution of the issues surrounding those motions, counsel Green filed a Motion to Withdraw as counsel for the Intervenors [D.E. 79], which was granted by Judge Moreno on March 15, 2010 [D.E. 83].

Counsel Green also filed a Motion for Attorneys' Fees and Charging Lien [D.E. 80], together with a notice of charging lien [D.E. 81]. That Motion is included in the Order of Reference that gives rise to this Order. The Motion for fees argues that counsel was forced to withdraw due to differences with and actions by her former clients, that she incurred fees in the representation, and that a retainer/contingency agreement had been entered into between the parties that entitles her to a charging lien in any proceeds in this case. A timely response to the Motion was not filed.

Instead, the Intervenors, acting pro se, filed a Motion to Quash the charging lien [D.E. 87] filed by their former counsel. That Motion has also now been referred. The Motion argues that counsel was ineffective in her representation of the Intervenors and not entitled to any recovery on her charging lien. The Motion does not set forth any legal basis to quash the lien itself, but instead amounts to a response in opposition to the motion for fees. Counsel filed a response to the Motion to Quash on April 13, 2010.

Upon review of the entire record and the issues raised by the motions that have now been referred, it is hereby **ORDERED AND ADJUDGED**:

1. Counsel Green's Motion for Attorneys' Fees and Charging Lien [D.E. 80] is **DENIED**. The Motion is denied without prejudice to being renewed at a later date if necessary. The Motion seeks to recovery attorneys' fees owed on a charging lien, but plainly fails to allege the first essential element required to enforce a charging lien –

that recovery has in fact been obtained. A Florida charging lien only attaches to "tangible fruits" of a lawyer's services. *See, e.g., Correa v. Christensen,* 780 So. 2d 220, 220–21 (Fla. 5th DCA 2001) (citing *Sinclair, Louis, Siegel, Heath, Nussbaum, & Zavertnik,P.A. v. Baucom,* 428 So.2d 1383 (Fla.1983)). To enforce a charging lien, the contingency must have occurred. *See Zaklama v. Mount Sinai Medical Center,* 906 F.2d 650, 652-53 (11th Cir. 1990) (the rights and obligations of parties to a contract that provides for attorneys' fees upon the happening of a contingency are governed by state law). Simply because there is a fee dispute between former counsel and her clients is not a basis, by itself, for the Court to adjudicate such a dispute in the pending case.[1]

The record here is far too speculative for the Court to begin adjudicating Counsel's charging lien without resolution of the underlying issues; namely, whether there is an enforceable agreement among the Intervenors and other parties to that agreement that requires payment of a fixed tangible sum to the Intervenors, or whether the claims against such parties by the Intervenors remain to be liquidated through further proceedings in the case. Indeed, the motion is notably silent as to what the tangible recovery now is and how the contingency fee agreement would be applied to such recovery. The reason why is obvious given the current status of the proceedings as it relates to these Intervenors.

---

[1] Indeed, such a dispute may result in a separate breach of contract action in state court, assuming that a charging lien procedure is unavailable, or possibly arbitration given the apparent arbitration clause included in the parties' retainer agreement here. That dispute alone, however, does not give this Court subject matter jurisdiction to adjudicate fee disputes between counsel and clients outside of the equitable ancillary jurisdiction that arises from a properly enforced charging lien.

Therefore, the Court cannot enforce a charging lien on this record. The motion is thus premature pending further underlying proceedings, which may result in a tangible recovery in this case for the Intervenors, or on the other hand result in no tangible recovery without a separate action or claims being filed against Tony Butler or other parties. The pending motion for fees is based entirely on a right to enforce a charging lien on a contingency that has occurred. Such a motion, at this point, is premature and not ripe for adjudication. It will, therefore, be denied without prejudice to being renewed at a later date.

The denial of the motion does not affect the filing of the notice of charging lien [D.E. 81] that remains docketed on the record for all parties to consider in the case.

2. The Intervenors' pro se Motion to Quash [D.E. 87] is also **DENIED**. It is primarily denied as moot given the Court's denial of the motion for attorneys' fees. To the extent, however, that it seeks to strike the notice of charging lien [D.E. 81], it is denied because no legal basis has been set forth on the face of the motion that requires the striking or "quashing" of the notice. Plainly, the intervenors' objections set forth in the motion are fact-based opposition to counsel's recovery of fees. Those objections are also not ripe for consideration at this point and can certainly be raised again if a renewed motion for fees is filed. They are not, however, legal bases to strike counsel's notice, which is simply a legal notice to the clients and all other parties of counsel's claim to any recovery or payments owed to the clients.

**DONE AND ORDERED** this 16th day of April, 2010, at Miami, Florida.

                                                */s/   Edwin G. Torres*
                                                EDWIN G. TORRES
                                                United States Magistrate Judge