UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-20505-CIV-MORENO

PANDISC MUSIC CORP., a Florida Corporation,
and WHOOPING CRANE MUSIC, INC., a
Florida Corporation,,

    Plaintiffs,

vs.

321 MUSIC, L.L.C. a Florida Limited Liability Corporation, WARNER/CHAPPEL MUSIC, INC., a Deleware Corporation, ATLANTIC RECORDING CORPORATION, a Delaware Corporation and ARTIST PUBLISHING GROUP, L.L.C., a Delaware Limited Liability Corporation,,

    Defendants.
_____/

## ORDER DENYING MOTIONS TO ENFORCE THE SETTLEMENT AGREEMENT AND ORDER DENYING MOTIONS FOR SANCTIONS FOR VIOLATING SETTLEMENT AGREEMENT

THIS CAUSE came before the Court upon a *sua sponte* review of the record.

Case law is clear that unless the court reserves jurisdiction to enforce the terms of the settlement agreement in the dismissal order, courts do not have jurisdiction to enforce a breach of contract claim unless there is a basis for independent federal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am*, 511 U.S. 375 (1994); *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003); *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320-21 (11th Cir. 2002). Here, the Court entered a dismissal order "with prejudice in accordance with the settlement agreement" that specifically stated that the "Court shall retain jurisdiction to

enforce the terms of the settlement agreement if it is filed in its entirety by August 28, 2009." (D.E. No. 45.) The parties failed to file the settlement agreement within that time, and therefore, this Court does not have jurisdiction to enforce the settlement agreement.

In *Kokkonen*, the Supreme Court held that the District Court lacked jurisdiction to enforce the parties' settlement agreement. *See* 511 U.S. at 377-81. Specifically, the Court found that enforcement of the settlement agreement either "through the award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. Although this Court had original federal subject matter jurisdiction over the initial suit, the current dispute over the enforcement of the settlement agreement is a contract issue, and not one that provides an independent source for federal jurisdiction. To enforce the settlement agreement, the Court would need to resolve facts arising from the alleged breach of contract which are separate facts from the original suit. *See id.* at 381. Moreover, the dismissal Order did not specifically incorporate the parties' settlement agreement, nor expressly retain jurisdiction to enforce it, and therefore, the Court does not have jurisdiction to enforce the settlement agreement. *See e.g., Fox v. Batmasian*, No. 08-80250, 2010 U.S. Dist. LEXIS 19330, at *3 (S.D. Fla. Mar. 4, 2010). Thus the Court denies all motions seeking to enforce the settlement agreement and all motions for sanctions for violating the settlement agreement for lack of jurisdiction. Accordingly, it is

**ADJUDGED that:**

(1) Plaintiff Whooping Crane's Motion to Enforce Settlement Agreement (D.E. No. 47) is DENIED.

(2) Plaintiff Whooping Crane's Motion for Sanctions for violating the Settlement Agreement

(D.E. No. 48) is DENIED.

(3) Intervenors' Motion to Compel Settlement Agreement (D.E. No. 50) is DENIED

(4) Intervenors' Motion for Sanction for violations of Settlement Agreement (D.E. No. 51) is DENIED.

(5) Defendant 321 Music's Motion to Enforce Settlement Agreement (D.E. No. 55) is DENIED.

(6) Intervenors' Motion to Join Hearing for Plaintiff's Motion to Enforce Settlement Agreement (D.E. No. 54) is DENIED AS MOOT as hearing already took place.

(7) Plaintiff's Motion for Clarification of Order Setting Hearing (D.E. No. 58) is DENIED AS MOOT as hearing already took place.

(8) Defendants' Motion for Extension of Time to File Pretrial Stipulation (D.E. No. 77) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20 day of July, 2010.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record